UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cr-5-KDB-DCK-1

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) |  |
| JAMELL TREMAINE ROBINSON, | ) | **MEMORANDUM OF DECISION AND ORDER** |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on Defendant's pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 35; see Doc. 40 (signature page)].

I.  **BACKGROUND**

The Defendant was charged with a single count of possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). [Doc. 1: Indictment]. The Defendant pleaded guilty straight-up at a Rule 11 hearing before a magistrate judge. [Doc. 16: Acceptance; Doc. 19: Courtroom Recording]. The Defendant stated, under oath, that: he received a copy of the Indictment and discussed it with counsel; he understood the charges and his sentencing exposure; he understood the rights he was waiving by pleading guilty; he had spoken to counsel about how the U.S. Sentencing Guidelines may apply to his case; he understood that the Court would not be able to determine the applicable sentencing guideline range until after the Presentence Report ("PSR") had been prepared; the sentence may be different than that called for by the guidelines and he would remain bound even if the sentence was more severe than expected; and he is, in fact, guilty of the charged offense. [Id.; see Doc. 20: Acceptance]. The Defendant stated that nobody

threatened, intimidated, or forced him to plead guilty, or made any promises of leniency or a light sentence; he had enough time to discuss any possible defenses with his attorney; and he was satisfied with counsel's services. [Id.]. The Defendant further admitted that he read, understood, and agreed with the Factual Basis which states in pertinent part:

> On or about October 13, 2021, in Catawba County, … Jamell Tremaine ROBINSON, **knowing that he had previously been convicted of at least one crime punishable by imprisonment for a term exceeding one year, did knowingly possess one or more firearms**, that is, a Glock model 23 .40 caliber pistol and a Ruger model AR-556 5.56 caliber rifle. The firearms that were seized from ROBINSON on or about October 13, 2021 were manufactured outside the state of North Carolina.
>
> Jamell Tremaine ROBINSON was a convicted felon at the time of the offense for a felony where ROBINSON's sentence was more than a year and a day and ROBINSON knew he had been convicted of a crime punishable by imprisonment for more than a year and a day. ROBINSON had not been pardoned by any jurisdiction where the conviction occurred. ROBINSON was a prohibited person at the time of the offense to possess a firearm.

[Id.; Doc. 15: Factual Basis at 1] (paragraph numbers omitted; emphasis added).

The PSR charged the base offense level as 24 because the Defendant violated § 922(g)(1) after sustaining at least two felony convictions for a crime of violence or controlled substance offense, i.e., robbery with a dangerous weapon (Mecklenburg Superior Case Nos. 03CRS251299 and 03CRS251303) and armed bank robbery (W.D.N.C. Case No. 3:03-cr-210). [Doc. 29: Revised PSR at ¶ 20]. Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 21. [Id. at ¶¶ 27-29]. The Defendant had seven criminal history points and a criminal history category of IV. [Id. at ¶¶ 42-43]. The resulting advisory guideline range was 57 to 71 months' imprisonment followed by between one and three years of supervised release. [Id. at ¶¶ 74, 77].

The Court adopted the PSR without change and sentenced the Defendant to 66 months' imprisonment followed by two years of supervised release. [Doc. 31: Judgment]. The Judgment was entered on August 2, 2024. [Id.]. The Defendant did not appeal.

The Defendant filed the instant § 2255 Motion to Vacate on July 23, 2025.[1] [Doc. 35]. He argues that counsel was ineffective for failing to investigate and move to dismiss or vacate the § 922(g) charge based on N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022), which deprived Defendant "a fair opportunity to defend against the charges…." [Doc. 35 at 4]. He asks the Court to vacate and correct his sentence. [Doc. 40 at 1].

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings ..." in order to determine whether the Defendant is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Defendant can be resolved without an evidentiary hearing based on the record and governing case law.[2] See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

---

[1] The Defendant filed the Motion to Vacate without its signature page in an envelope dated July 23, 2025. See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C.A. foll. § 2255 (addressing inmate filings). The signature page is dated August 12, 2025.

[2] The Court also concludes that no response from the Government is needed.

3

## III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. Const. Amend. VI. To show ineffective assistance of counsel, a defendant must first establish deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The deficiency prong turns on whether "counsel's representation fell below an objective standard of reasonableness ... under prevailing professional norms." Id. at 688. A reviewing court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 689). The Strickland standard is difficult to satisfy in that the "Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." See Yarborough v. Gentry, 540 U.S. 1, 8 (2003). The prejudice prong inquires into whether counsel's deficiency affected the judgment. See Strickland, 466 U.S. at 691. A defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. In considering the prejudice prong of the analysis, a court cannot grant relief solely because the outcome would have been different absent counsel's deficient performance, but rather, it "can only grant relief under … Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, a defendant "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the defendant fails to meet this burden, a "reviewing court need not even consider the performance

4

prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), *vacated on other grounds*, 218 F.3d 310 (4th Cir. 2000).

"When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea." United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010), *as amended* (Feb. 9, 2010) (quoting United States v. Bundy, 392 F.3d 641, 644 (4th Cir. 2004)); see Blackledge v. Perry, 417 U.S. 21, 29-30 (1974). The "guilty plea represents a break in the chain of events which has preceded it in the criminal process." Tollett v. Henderson, 411 U.S. 258, 267 (1973). Thus, a defendant who has pleaded guilty "has no non-jurisdictional ground upon which to attack that judgment except the inadequacy of the plea," Bundy, 392 F.3d at 644-45, or the government's "power to bring any indictment at all," United States v. Broce, 488 U.S. 563, 575 (1989). A guilty plea also waives claims of ineffective assistance of counsel that preceded it, save for "attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." Blackledge, 417 U.S. at 29-30.

The Defendant stated under oath at the Rule 11 hearing that: he fully understood the charges including his sentencing exposure; he understood that he would be unable to withdraw the plea even if the sentence was harsher than he expected; nobody promised him leniency in exchange for his plea; he is guilty of the charged offense; he had enough time to discuss any possible defenses with counsel; he was satisfied with counsel's services; he understood the rights he was waiving by pleading guilty, including the waiver of his post-conviction and appellate rights; and he read, understood, and agreed with the Factual Basis. This complies with Rule 11 and demonstrates that the Defendant's guilty plea was freely and voluntarily entered with a full understanding of its nature and consequences. See Fed. R. Crim. P. 11; United States v. DeFusco, 949 F.2d 114, 115

(4th Cir. 1991). The Defendant's contention that counsel provided pre-plea ineffective assistance with regards to Bruen was, therefore, waived by the Defendant's knowing and voluntary guilty plea. See Blackledge, 417 U.S. at 29-30.

Any suggestion that counsel's ineffective assistance rendered the guilty plea involuntary is rejected. The right to the assistance of counsel during criminal proceedings extends to the plea-bargaining process. See Missouri v. Frye, 566 U.S. 134 (2012). Thus, criminal defendants are "entitled to the effective assistance of competent counsel" during that process. Lafler v. Cooper, 566 U.S. 156, 162 (2012) (internal quotation marks omitted); Merzbacher v. Shearin, 706 F.3d 356, 363 (4th Cir. 2013). Where a defendant enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was "within the range of competence demanded by attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). To satisfy Strickland's prejudice prong, the defendant must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59; Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007); see Lee v. United States, 582 U.S. 357, 364-65 (2017) (the question is whether the defendant would have gone to trial, not whether the result of trial would have been different than the result of the plea bargain). Put differently, a defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010).

The Defendant admitted under oath that he is guilty of § 922(g)(1) by knowingly possessing a firearm while knowing that he is a convicted felon. [See Docs. 15, 16, 19]. Any attempt to disavow these admissions is rejected. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent

presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); see, e.g., United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005) (§ 2255 petitioner's sworn statements during the plea colloquy conclusively established that his plea agreement and waiver were knowing and voluntary). Nor does the Defendant state that he would have proceeded to trial but for counsel's allegedly deficient performance. [See Doc. 40 at 1 (seeking sentencing relief)]. The vague, conclusory, and speculative contention that counsel deprived him of "a fair opportunity to defend against the charges" is insufficient to demonstrate prejudice. [Doc. 35 at 4]; see United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013) ("vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the district court") (citation omitted). Moreover, it would not have been rational for the Defendant to proceed to trial because a Bruen challenge to the § 922(g)(1) charge would have been meritless.

In Bruen, the Supreme Court held that a firearm regulation is valid under the Second Amendment only if it is "consistent with this Nation's historical tradition of firearm regulation." 597 U.S. at 17. The Fourth Circuit has upheld the constitutionality of § 922(g)(1) on its face and as applied to felons after Bruen. See generally United States v. Canada, 123 F.4th 159 (4th Cir. 2024); United States v. Hunt, 123 F.4th 697 (4th Cir. 2024). Counsel did not perform deficiently by failing to investigate, discuss with Defendant, or raise a meritless Bruen challenge to the § 922(g)(1) charge and, if raised, such would have been rejected. The Defendant has failed to identify any deficient performance by counsel or prejudice. His Bruen ineffective assistance claim would, therefore, fail even if it were not waived by the Defendant's knowing and voluntary guilty plea.

IV. **CONCLUSION**

For the reasons stated herein, the Defendant's Motion to Vacate is dismissed and denied.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docs. 35, 40] is **DISMISSED AND DENIED.**

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: August 29, 2025

Kenneth D. Bell
United States District Judge